Argued and submitted July 24, 1981, regulations
upheld February 8, reconsideration denied March 23,
petition for review denied May 18, 1982 (293 Or 146)

MORSE BROS. PRESTRESS, INC.,
*Petitioner,*

*v.*

CITY OF LAKE OSWEGO,
*Respondent.*

(No. A20049)

640 P2d 645

Roger M. Saydack, Eugene, argued the cause for petitioner. With him on the brief were Phil Cass, Jr., and Young, Horn, Cass & Scott, Eugene.

James M. Coleman, City Attorney, Lake Oswego, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an original proceeding pursuant to ORS 183.400 in which we are asked to determine the validity of regulations adopted by the Lake Oswego Local Contract Review Board. The threshold issue is whether we have jurisdiction under ORS 183.400 to review regulations adopted by a local government agency. We conclude that we have jurisdiction and uphold the challenged regulations.

The facts giving rise to this proceeding may be briefly stated. ORS 279.055[1] authorizes a local governmental unit to create its governing body as a local contract review board and grants a local board all the powers given to the state Public Contract Review Board in ORS 279.011 through 279.056. Those statutes relate generally to award of public contracts for goods and services, the specifications in such contracts, provisions for competitive bidding and exemptions from the competitive bidding requirements. They provide that contract review boards, both state and local, may exempt certain classes of contracts from competitive bidding upon finding the existence of certain conditions specified in the statute and may exempt certain products from the specification requirements. ORS 279.015; 279.017.

The City Council of the City of Lake Oswego, acting pursuant to ORS 279.055, designated itself as the local contract review board by ordinance in 1976. The ordinance also empowered the city council, as the local contract review board, to adopt regulations, by resolution, concerning the city's public contracts. Pursuant to this ordinance, in December, 1980, the city council adopted, by resolution, administrative regulations for public contracts. The regulations cover all procedures for the City's contracts for goods and services, including competitive bidding,

---

[1] ORS 279.055 provides:

"Any city, any county and any metropolitan service district organized under ORS chapter 268 may adopt an ordinance, and any peoples' utility district organized under ORS chapter 261 or the governing body of any utility authorized under ORS chapter 225 may adopt a resolution creating its governing body as a local contract review board for that city, county, district or utility. The local contract review board shall have all the powers of the Public Contract Review Board."

purchase of goods, and exemptions from competitive bidding. Although the regulations do not by express reference incorporate ORS 279.015 and 279.017, they do establish procedures that are similar to those statutes' policies and exemption requirements.

Petitioner filed a petition in this court to test the validity of certain regulations of the city contract review board which relate to exemptions from the competitive bidding and purchase of goods procedures. Petitioner argues that we have jurisdiction under ORS 279.019:

"(1) Exemptions granted [by the 'board'] pursuant to subsection (2) of ORS 279.015 or subsection (2) of ORS 279.017 constitute rulemaking and not contested cases under ORS 183.310 to 183.500.

"(2) Any person except the public contracting agency or anyone representing it may bring a petition for a declaratory judgment to test the validity of any rule adopted under ORS 279.015 and 279.017 in the manner provided in ORS 183.400."

The city moved to dismiss the petition, contending this court lacked jurisdiction to review local regulations. The city argues that the Administrative Procedures Act (APA) specifically applies only to state agencies and not to local agencies. The city reads ORS 279.019(2) to mean that only action taken by the state contract review board may be reviewed in an original proceeding under ORS 183.400. Petitioner, on the other hand, contends that because the Public Contract Law (ORS 279.011 to 279.056) makes no distinction between state and local boards, the reference to boards in ORS 279.019 makes the actions of local boards subject to the APA, including the review procedure of ORS 183.400.

Although either reading of ORS 279.019, in conjunction with the APA, makes some sense, we conclude the legislature intended to allow review of local board regulations pursuant to the procedure specified in ORS 183.400. The apparent ambiguity in the statutory scheme for public contracting in relation to the APA is explained in part by the legislative history. The public contract law was amended in 1975. The vehicle for amendment was HB 2339. As originally proposed, HB 2339 would have created a state

public contract review board, but would have authorized the existence of comparable local boards only until 1977. Upon expiration of the local boards, the state board would assume jurisdiction of all contract matters pending before local boards and would administer all public contracts for state and local governments. The original bill defined "board" to mean only the State Public Contract Review Board, which would have been empowered to promulgate regulations that would apply to all public contracts. The bill, in the provision which ultimately became ORS 279.019, also confirmed the right of any person to test the validity of the state board's rules under ORS 183.400.

Prior to its adoption, HB 2339 was amended at the request of the Association of Oregon Counties. The provision for expiration of the local boards was deleted and the term "board" was redefined to include local contract review boards. The wording of what was to become ORS 279.019 was unchanged. Local boards were given the same powers as the state board. In explaining the amendments, Attorney General Johnson said to the House Judiciary Committee that the amendments to HB 2339 were a recognition of the cities' and counties' home rule authority. Minutes, Judiciary Committee hearing, April 14, 1975. A summary of the bill provided to the Joint Ways and Means Committee states:

"The bill provides that cities and counties may establish their own local contract review boards in lieu of the state board. This provision was made in recognition of the home rule powers of cities, counties, EWEB and Springfield Electric Board." (Item 12, Exhibit File for HB 2339, 1975 Legislative Session.)

It appears that the legislature intended to establish a degree of statewide uniformity in public contracting, while according local governing bodies some autonomy over their contracts. The degree of autonomy is accomplished by authorizing local boards to adopt regulations and to grant exemptions from competitive bidding. Statewide uniformity is effected by the requirements that the regulations adopted conform to the state statute and that all contracts not exempted be awarded by competitive bidding.

■ In the context of the legislative history of the present version of the public contract law, we construe ORS

279.019(1) as merely defining the nature of the activity of a contract review board in granting exemptions. This activity is defined as rulemaking, not as a contested case proceeding. We do not construe this section to mean, as suggested by petitioner, that local as well as state board rulemaking must comply with the APA. The APA was specifically designed to control the activities of state agencies, and many of its provisions can logically apply only to the activities of state agencies. We decline to hold that local agencies are subject to the APA without a clear legislative directive to do so, and we do not read ORS 279.019(1) as a clear expression that local contract review boards must comply with the APA in promulgating rules consistent with ORS 279.015 and 279.017.

■     ORS 279.019(2) does not mandate that local boards are subject to the APA. That subsection authorizes review of local rules by the procedure specified in ORS 183.400. Although ORS 183.400, a part of the APA, is by definition applicable only to state agencies, the legislature has designated the *procedure* of ORS 183.400 as an appropriate method to challenge local board rules adopted pursuant to ORS 279.015 and 279.017. Accordingly, we conclude that we have jurisdiction to review the petition, and the city's motion to dismiss the petition is denied.

Having determined that we have jurisdiction under ORS 183.400 to review the challenged regulations, we turn to the merits of the petition. The petition alleges that a portion of the local regulations are invalid, either because they were adopted without compliance with APA rulemaking procedures or because they exceed the statutory authority of the local contract review board. We may declare a rule invalid only if it:
"* * * * *
"(a)   Violates constitutional provisions;
"(b)   Exceeds the statutory authority of the agency; or
"(c)   Was adopted without compliance with applicable rulemaking procedures." ORS 183.400(4).

Petitioner's first challenge is based on the contention that the city did not follow applicable procedures of the APA in adopting the regulations. There is no contention that the city failed to follow applicable procedures of

city code. As we concluded in the discussion of our jurisdiction, ORS 279.019 does not require the local contract review boards to follow APA rulemaking procedures in adopting rules mandated by ORS 279.015 and 279.017. Accordingly, petitioner's first contention fails.

■ The regulations that petitioner contends exceed the city's statutory authority are the following:

"2.02 *Exceptions.* Certain contracts for goods and services shall be exempt from these regulations. The Public Contracting Officer [*i.e.,* the City Manager or his designee] shall determine whether or not a particular contract or purchase is exempt as set forth herein.
"* * * * *

"5. Contracts for purchases where there is only one seller or price of a product of the quality required available within a reasonable purchase area.
"* * * * *

"5.03 *General Contracts.* ($5,000 - $10,000) When a contract for *public improvement or maintenance is greater than $5,000, but less than $10,000,* the department shall prepare specifications for the project. The Public Contracting Officer shall review and, if found satisfactory, approve those specifications and place all notices and advertisements required by the bidding procedure set forth in these regulations. Unless otherwise exempt from these regulations, all general contracts shall be subject to the formal bidding procedure. The Public Contracting Officer may make awards for *contracts which are less than an amount of $10,000.*

"5.04 *Major Contracts.* ($10,000 and over) Major contracts in an amount of $10,000 or greater shall be subject to provisions of Section 5.03; however, the Public Contracting Officer shall make recommendations to the City Council and it shall award the contract.
"* * * * *

"7.01 *Bid Specifications.* Specifications for public contracts shall not expressly or implicitly require any product by any brand name or make, nor the product of any particular manufacturer or seller, unless the product is exempt by these regulations or the [city's] Public Contract Review Board."

The relevant statutes setting forth the authority of the local contract review board to grant exemptions are

ORS 279.015[2] and 279.017.[3] ORS 279.015(1) requires public contracts to be awarded after a competitive bidding process. ORS 279.015(2) permits the board to exempt "certain

---

[2] ORS 279.015 provides:

"(1) All public contracts shall be based upon competitive bids except:

"(a) Contracts made with, or the cost of which is provided by, other public agencies or the Federal Government, and

"(b) A public contract exempt under subsection (2) of this section.

"(2) The board may exempt certain public contracts or classes of public contracts from the requirements of subsection (1) of this section upon the following findings:

"(a) It is unlikely that such exemption will encourage favoritism in the awarding of public contracts or substantially diminish competition for public contracts; and

"(b) The awarding of public contracts pursuant to the exemption will result in substantial cost savings to the public contracting agency. In making such finding, the board may consider the type, cost, amount of the contract, number of persons available to bid and such other factors the board may deem appropriate.

"(3) A public contract also may be exempted from the requirements of subsection (1) of this section if emergency conditions require prompt execution of the contract. The board shall adopt regulations allowing the governing body of a public agency to declare that an emergency exists.

"(4) In granting exemptions pursuant to paragraphs (a) and (b) of subsection (2) of this section, the board shall, where appropriate, direct the use of alternate contracting and purchasing practices that take account of market realities and modern or innovative contracting and purchasing methods, which are also consistent with the public policy of encouraging competition."

[3] ORS 279.017 provides:

"(1) Specifications for public contracts shall not expressly or implicitly require any product by any brand name or mark, nor the product of any particular manufacturer or seller unless the product is exempt under subsection (2) of this section.

"(2) The board may exempt certain products or classes of products from subsection (1) of this section upon any of the following findings:

"(a) It is unlikely that such exemption will encourage favoritism in the awarding of public contracts or substantially diminish competition for public contracts,

"(b) The specification of a product by brand name or mark, or the product of a particular manufacturer or seller, would result in substantial cost savings to the public agency,

"(c) There is only one manufacturer or seller of the product of the quality required, or

"(d) Efficient utilization of existing equipment or supplies requires the acquisition of compatible equipment or supplies."

Public contracts or classes of public contracts" from the competitive bidding requirements of subsection (1) upon making two specified findings. ORS 279.017(1) prohibits the specification in public contracts of products by brand name or of a particular manufacturer or seller. ORS 279.017(2) permits the board to exempt "certain products or classes of products" from the requirements of subsection (1) upon making one of four specific findings.

Petitioner first contends that the city board adopted the exemptions found in section 2.02 without making the findings required by the statute. The challenged regulations do not contain the required findings. However, the board made findings and recited them in the preamble to the resolution adopting the regulations. The findings are phrased in the words of the statute and, although general in nature, are sufficient to support the regulations.

Petitioner next makes a general argument that the regulations unlawfully delegate authority to grant exemptions from the statutory requirements. The city board designated the city manager as the Public Contracting Officer (PCO). He is given authority to administer the regulations and to determine if a particular purchase is exempt under the regulations. Petitioner's argument can be illustrated by reference to section 2.02, which section sets forth a list of seven classes of contracts for goods and services exempt from the regulations and authorizes the PCO to determine if a particular purchase is exempt. Subsection 5 of section 2.02 exempts "[c]ontracts for purchases where there is only one seller or price of a product of the quality required available within a reasonable purchase area."

Petitioner argues that the PCO's determination that a purchase is exempt under subsection 5 is rulemaking as defined in ORS 279.019(1) and must follow the proscribed procedure, including a decision based on findings as required by ORS 279.015 or 279.017. We disagree. The board has made a policy decision in adopting section 2.02, which includes the classes of contracts that will be exempt from competitive bidding. The PCO is authorized to make an administrative decision that the required purchase fits within the exemption of the regulation. That administrative decision, based on the facts of a particular purchase, is

subject to review by the city contract review board on petition of an aggrieved seller under section 8.01 of the regulations. This review procedure is sufficient protection for potential sellers in the application of the regulations. *See Warren v. Marion County et al,* 222 Or 307, 353 P2d 257 (1960). Petitioner apparently argues that each particular contract that may be exempt must be exempted only after a rulemaking proceeding consistent with ORS 279.015 and 279.017. We do not read those statutes to require a separate rulemaking proceeding before an individual contract or product is exempted from the bidding process. Both sections authorize the board to exempt classes of contracts or classes of products. The board has done that by adopting a general policy of exemption to apply to certain public contracts.

Petitioner contends that in addition to section 2.02, sections 5.03 and 5.04 unlawfully delegate authority to the PCO to grant exemptions without following the applicable rulemaking procedure. Sections 5.03 and 5.04 relate to contracts for public improvements and maintenance and authorize the PCO to approve specifications for the contracts and to award contracts for less than $10,000. Section 5.04 provides that contracts in excess of $10,000 shall be awarded by the board. The regulations require that all general contracts described in section 5.03 or 5.04 be awarded by competitive bidding unless otherwise exempted by the regulations. The PCO is given authority to determine if a particular general contract is exempt under section 2.02. As discussed above, section 2.02 does not give the PCO authority to grant exemptions but authorizes him to determine only if a particular contract falls within the exemption in the regulation.

Finally, petitioner argues that section 7.01 grants exceptions to the specification requirements of ORS 279.017 if the PCO determines an exemption is applicable under section 2.02. He contends that that exceeds the authority granted by ORS 279.017, because the PCO is authorized by section 2.02 to grant product exemptions. Sections 2.02 and 7.01 deal with different subject matter. Section 2.02 relates to exemption of classes of contracts from the competitive bidding requirement. Section 7.01 relates to *specifications* for public contracts. In conformity with

ORS 279.017, it prohibits the specification of any product by brand name or the product of any particular manufacturer or seller, unless the *product* is exempted by the regulations or the board. The exemptions found in section 2.02 are for classes of contracts, not products. The regulations contain no exemption for particular products under ORS 279.017. Section 7.01 allows the board to grant such exemption, not the PCO.

In summary, we conclude that we have jurisdiction to review the regulations adopted by a local contract review board pursuant to ORS 279.015 and 279.017, that the local boards are not required to comply with the rulemaking procedures of the APA and that the challenged regulations are valid.

Regulations upheld.